

**SO ORDERED.**

**SIGNED this 5th day of July, 2012.**

Janice Miller Karlin
United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:
Clinton E. Jones                                   Case No.  10-40769
Diane D. Jones,                                    Chapter 7

          **Debtors.**

---

Robert L. Baer, Trustee,

          **Plaintiff,**                  Case No. 11-07028
v.                                                 Adversary Proceeding

Bradford Lamar Daley, et al.,

          **Defendants.**

---

### Report and Recommendation on Plaintiff's
### Motion for Default Judgment

      This matter is before the Court on the motion for default judgment filed by

Plaintiff, Robert L. Baer, Trustee.[1] Pursuant to 28 U.S.C. § 157(c)(1), Rule 9033 of the

---

[1]  Doc. 56.

Federal Rules of Bankruptcy Procedure, and Rules 83.8.7 and 83.8.8 of the Local Rules of the District of Kansas,[2] this Court makes the following report and recommendation to the United States District Court for the District of Kansas.

## Findings of Fact

1.      This adversary action relates to *In re Clinton E. Jones and Diane D. Jones*, case number 10-40769-7, pending in the United States Bankruptcy Court for the District of Kansas. (Complaint at ¶ 1.)

2.      The bankruptcy case was filed on May 7, 2010. (Complaint at ¶ 2.)

3.      The plaintiff, Robert L. Baer ("the Trustee" or "the Plaintiff") is the duly qualified and acting trustee in this case. (Complaint at ¶ 3.)

4.      Defendant Bradford Daley, also known as Brad Daley, Bradford L. Daley, and Bradford Lamar Daley, is a natural person who was served with process at his residence at 51 Lee Road 987, Phenix City, Lee County, Alabama, 36870. (Docket No. 14, Summons with Certificate of Service, at page 2–4.)

5.      The defendant failed to answer or appear in this proceeding.

6.      "Debt adjustment"—which is variously known as "debt management,"

---

[2] Section 157(c)(1) states that a "bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11" and "shall submit proposed findings of fact and conclusions of law to the district court," with the final order being entered by the district judge after review and consideration of any objections. Federal Bankruptcy Rule 9033 states that in non-core proceedings, "the bankruptcy judge shall file proposed findings of fact and conclusions of law, and also governs the service of the report and recommendation, the filing of objections, and the standard of review of the District Court. D. Kan. Rule 83.8.7 states that a bankruptcy judge may *sua sponte* determine a matter is non-core and D. Kan. Rule 83.8.8 governs the review of non-core proceedings heard by a bankruptcy judge.

"credit counseling," "prorating," "debt consolidation," "budget planning," and "debt pooling"—is regulated in nearly every state. (Complaint at ¶ 12.)

7.    Kansas requires that all debt adjusters register with the Office of the State Banking Commissioner under K.S.A. § 50-1121(f). The defendant is not so registered and never has been.  (Complaint at ¶ 16.)

8.    Bradford L. Daley is the primary controlling person of Court Mediation Services ("CMS"). (Complaint at ¶ 18.)

9.    The defendant, through CMS, claims that he is able to address consumers' debts by "novation" of the debts, wherein the defendant approaches the consumers' debts as follows:

a.    CMS "assumes" the consumers' debt pursuant to an "assignment" of the debt from the consumers to CMS.

b.    CMS then attempts to create an accord and satisfaction with respect to the debt, which is presented to the creditor by the means of a restrictive endorsement of a check presented in partial payment of the consumers' debt. The new proposed terms of the agreement between the consumers and their creditor call for a modest monthly payment and the elimination of new interest charges.

c.    In the event the consumers' creditor attempts to take a collection action in breach of the asserted new terms of the contract, CMS threatens an offset against the debt for the creditor's conduct. A transcript of the defendant's approach to consumers' creditors as advertised on www.integritydebtreliefgroup.com (as of February 26, 2009) was attached to the Complaint. (Complaint at ¶ 17; Plaintiff's Exhibit 3.)

10.    On or about August 8, 2008, the Joneses paid $2,500.00 to Terry Yarham for the benefit of the defendant. On or about that same date, the Joneses executed the CMS Purchase Agreement.  A redacted copy of the purchase agreement is attached to

the Complaint as Plaintiff's Exhibit 1. (Complaint at ¶ 19.)

11.    Lori Yarham communicated with the Joneses regarding the purchase agreement attached as Exhibit 1 to the Complaint and was the recipient of the agreement sent by Ms. Jones. (Complaint at ¶ 20.)

12.    Ms. Jones also sent to Ms. Yarham , by overnight mail, ten "assignments" of debt to defendant Bradford L. Daley together with a $430.00 payment for the "assignments."  A copy of one of the "assignments" is attached to the Complaint as Plaintiff's Exhibit 4. (Complaint at ¶ 21.)

13.    On Thursday, March 18, 2010, the Joneses received an e-mail from Allen at CMS regarding litigation pending against the Joneses. (Complaint at ¶ 22.)

14.    The March 18, 2010 e-mail listed the "physical address" of CMS as 5977 Whitesville Rd., Suite 28, Columbus, GA 31904. (Complaint at ¶ 23.) That address is a storage facility. (Hearing on Motion for Default Judgment - Plaintiff's Exhibit 10.) A reasonable inference from giving a phony business address is that the defendant wanted to make himself difficult to find.

15.    All communications from and to the Joneses from the defendant or any person acting on his behalf were transmitted while the Joneses were physically present in Kansas. (Complaint at ¶ 24.)

16.    Demand letters were sent to the defendant by both the Joneses' private counsel, Jeffrey L. Willis, and the trustee. Correct copies of the correspondence are attached to the Complaint as Plaintiff's Exhibit 2.  No response was received to either correspondence. (Complaint at ¶ 25.)

-4-

17.    From the date of the Joneses' engagement of the defendant, August 8, 2008, to the Joneses' last communication from the defendant of which the Trustee is aware, March 18, 2010, constitutes 587 days. (Complaint at ¶ 26.)

## Conclusions of Law

### *Jurisdiction*

18.    This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. Under § 157(a), district courts may refer "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to bankruptcy courts. The District of Kansas has made this reference.[3]

19.    Under § 157(b), the bankruptcy court may decide all core proceedings, but "[a]ctions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings."[4] Under § 157(c)(1), a "bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11" and "shall submit proposed findings of fact and conclusions of law to the district court."[5]

20.    The Complaint in this adversary proceeding, stating claims under the Kansas Credit Services Organization Act and the Kansas Consumer Protection Act, is

---

[3]  D. Kan. Rule 83.8.5.

[4]  *Johnson v. Smith (In re Johnson)*, 575 F.3d 1079, 1082 (10th Cir. 2009).

[5]  *See also In re Johnson*, 575 F.3d at 1082 ("A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11, in which situations the bankruptcy court submits proposed findings of fact and conclusions of law to assist the district court to make the final decision." (internal quotations omitted)).

comprised solely of non-core claims.[6]

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1409.

### *Default Judgment*

22.     On June 27, 2011, the plaintiff Robert L. Baer, Trustee, filed his Complaint seeking relief against defendant Bradford L. Daley, and others, for alleged violations of Kansas state consumer protection laws. (Docket No. 1.)

23.     On June 15, 2012, the Clerk of the Bankruptcy Court entered an Entry of Default against the defendant in accordance with Federal Rule of Civil Procedure 55(a), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7055. (Docket No. 55.)

24.     Because the defendant failed to answer or appear in this proceeding and is in default under Federal Rule of Civil Procedure 55(a), the facts alleged in the Complaint are deemed true.[7]

### *Kansas Credit Services Organization Act and*
### *Kansas Consumer Protection Act*

25.     The Joneses are each a "consumer" as that term is defined by the Kansas

---

[6] *See, e.g.*, *Parks v. Persels & Assoc., LLC (In re Kinderknecht)*, 470 B.R. 149, 165–66 (Bankr. D. Kan. 2012) (concluding that an adversary proceeding for claims under the Kansas Credit Services Organization Act and the Kansas Consumer Protection Act are non-core); *Parks v. Consumer Law Assoc., LLC (In re Lewis)*, Case No. 10-10117, Adv. No. 10-5098, 2010 WL 3905442, at *2 (Bankr. D. Kan. Sept. 29, 2010) (concluding that an adversary proceeding for claims under the Kansas Consumer Protection Act are non-core).

[7] *See, e.g.*, *Meitler Consulting, Inc. v. Dooley*, Case No. 05-2126-DJW, 2007 WL 1834008, at *7 (D. Kan. June 26, 2007) (collecting cases stating default standards).

Credit Services Organization Act[8] in K.S.A. § 50-1117(b). (Complaint at ¶ 28.)

26.     The Joneses are also each a "consumer" as that term is defined by the Kansas Consumer Protection Act[9] in K.S.A. § 50-624(b). (Complaint at ¶ 29.)

27.     The defendant is a "supplier" as that term is defined by K.S.A. § 50-624(l). (Complaint at ¶ 30.)

28.     The dealings between the Joneses and the defendant constitute "consumer transactions" as that term is defined by K.S.A. § 50-624(c). (Complaint at ¶ 31.)

29.     The defendant is not entitled to claim the protection of  K.S.A. § 50-1116(b), exempting from the provisions of the Kansas Credit Services Organization Act "[a]ny person licensed to practice law in this state acting within the course and scope of such person's practice as an attorney." (Complaint at ¶ 32.)

30.     The defendant is a "credit services organization" as that term is defined by K.S.A. § 50-1117(c), because he is "a person who engages in . . . the business of debt management services for a fee, compensation or gain." The defendant and his co-conspirators named in the Complaint agreed to take money for purposes of paying the Joneses' debts and also to negotiate a reduction of their debts. The defendant therefore engaged in "debt management services" for a fee, and acted as a "credit services organization." (Complaint at ¶¶ 19, 33.)

31.     The defendant is not registered with the Office of the Kansas State

---

[8]  K.S.A. §§ 50-1116 to 50-1135.

[9]  K.S.A. §§ 50-623 to 50-643.

Banking Commissioner as a credit services organization. (Complaint at ¶ 34.)

32.    The defendant is in violation of the Kansas Credit Services Organization Act, because he engaged in providing and holding himself out as willing to provide credit services without being registered, in violation of K.S.A. § 50-1118(a). (Complaint at ¶ 35.)

33.    The defendant is in violation of K.S.A. § 50-626(a) of the Kansas Consumer Protection Act by virtue of K.S.A. § 50-1132, which provides that "Any violation of this act or any rule and regulation promulgated thereunder is a deceptive act or practice  under the Kansas consumer protection act. Any remedy provided by this act shall be construed to be in addition to other remedy provided by the Kansas consumer protection act." (Complaint at ¶ 36.)

34.    The defendant's advertising to Kansas residents, including the Joneses, over the Internet, without being properly registered with the Kansas Banking Commissioner is in violation of K.S.A. § 50-1121(f). (Complaint at ¶ 39.)

35.    The defendant's oral marketing is also in violation K.S.A. § 50-1121(f). (Complaint at ¶ 40.)

36.    The limitations of liability contained in the CMS Purchase Agreement (attached to the Complaint as Plaintiff's Exhibit 3) violate K.S.A. § 50-1121(u). (Complaint at ¶ 43.)

37.    The concerted actions of all defendants named in the Complaint constitutes a civil conspiracy under Kansas law. (Complaint at ¶ 45.)

38.    Because the defendant's written agreements with the Joneses are in

violation of the Kansas Credit Services Organizations Act and the Kansas Consumer Protection Act, the contracts are void and unenforceable.[10] (Complaint at ¶ 48.)

39.     The $1,490.27 in fees and expenses sought by the plaintiff (Motion for Default Judgment, Document in Support, Peck Affidavit at ¶ 4) is reasonable.

### *Enumeration of Statutory Violations*

40.     The defendant, at least once for each of the Joneses, acted or offered to act as a credit services organization without registering in violation of K.S.A. § 50-1118(a).

41.     The defendant violated K.S.A. § 50-1121(f) through the Internet advertising described in ¶ 9. The oral marketing by Lori Yarham on behalf of the defendant, described in ¶ 15, is also violative of K.S.A. § 50-1121(f).

42.     The limitations of liability contained in the CMS Purchase Agreement violate K.S.A. § 50-1121(u).

43.     The Court could reasonably determine that both the acceptance of the original agreement and the acceptance of each of ten assignments constitute separate acts of being "engaged in providing . . . credit services" in violation of K.S.A. § 50-1118(a). The  defendant's violations may also be "ongoing," triggering a separate violation for each of the 587 days during which the defendant's involvement with the Joneses was ongoing.[11] The plaintiff, however, has obviated the need for making such

---

[10]  *Petty v. City of El Dorado*, 270 Kan. 847, 853–54, 19 P.3d 167, 172 (Kan. 2001) (concluding that Kansas law makes "void and unenforceable" contracts that are entered contrary to the state's "statutory enactments").

[11]  *See* K.S.A. § 50-636(d) ("Any act or practice declared to be a violation of this act not identified to be in connection with a specific identifiable consumer transaction but which is continuing in nature shall be deemed a separate violation each day such act or

a determination by suggesting a single penalty be levied against the defendant for a single violation of the Kansas Credit Services Organization Act and the Kansas Consumer Protection Act for each of the Joneses.

### *Recommendation*

Accordingly, this Court recommends that the District Court grant the Trustee's motion for default judgment. This Court further recommends that the District Court enter judgment against defendant Bradford L. Daley and in favor of the Trustee for the following:

A.    Damages of $2,930.00 pursuant to K.S.A. § 50-1133(a);

B.    Punitive damages of $29,300.00 (equal to ten times the amount of damages) pursuant to K.S.A. § 50-1133(b) and the common law;

C.    Penalties of $20,000.00 pursuant to K.S.A. § 50-634(b), and K.S.A. § 50-636(a) and (d);

D.    Attorney fees and expenses of $1,490.27 pursuant to K.S.A. § 50-1133(a) and K.S.A. § 50-634(e);

E.    The costs of this action pursuant to K.S.A. § 50-1133(a);

F.    Declaratory judgment that the defendant's acts violated the Kansas Credit Services Organization Act and the Kansas Consumer Protection Act pursuant to K.S.A. § 50-634(a)(1), and an injunction against future violations pursuant to K.S.A. § 50-634(a)(2); and

---

practice exists.").

G.     Declaratory judgment that because the defendant's written agreements with the Joneses are in violation of the Kansas Credit Services Organizations Act and the Kansas Consumer Protection Act, the contracts are therefore void and unenforceable in their entirety.[12]

The Clerk of the Bankruptcy Court is directed to provide this Report and Recommendation to the District Court. A copy of the Complaint with supporting Exhibits (Doc. 1), the motion for default judgment (Doc. 56) with supporting exhibit (Doc. 57), a copy of the exhibits admitted into evidence at the hearing on the motion for default judgment and a copy of Plaintiff's Trial Brief (Doc. 38) shall be attached for the convenience of the District Court.

**It is so ordered.**

# # #

---

[12] *Petty*, 270 Kan. at 853–54, 19 P.3d at 172 (concluding that Kansas law makes "void and unenforceable" contracts that are entered contrary to the state's "statutory enactments").