# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **ROBERT L. BAER, Trustee,** | ) ) ) | **Case No. 12-4086-JAR** |
| Plaintiff, | ) | **Adversary Proceeding No. 11-07028** |
| v. | ) ) |  |
| **BRADFORD LAMAR DALEY, et al.,** | ) ) |  |
| Defendants. | ) ) |  |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation (Doc. 6) of United States Bankruptcy Judge Janice Miller Karlin regarding Plaintiff Robert L. Baer, Trustee's motion for default judgment on his complaint against Defendant Bradford Daley, aka Brad Daley, Bradford L. Daley and Bradford Lamar Daley. Defendant is not represented by counsel and the Report and Recommendation was mailed to him at his last known address on July 7, 2012. In reviewing a bankruptcy judge's proposed findings and conclusions in a non-core proceeding, this Court conducts a de novo review "of any portion of the bankruptcy judge's findings of fact or conclusions of law to which any specific written objection has been made. . . ."[1] No objections to Bankruptcy Judge Karlin's Report and Recommendation have been filed, and the time for doing so has expired.[2] Accordingly, the Court will adopt the Report and Recommendation and grant the Trustee's motion for default judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that:

1. The findings and conclusions contained in Bankruptcy Judge Karlin's Report and

---

[1] Fed. R. Bktrcy Proc. 9033(d); *see also* 28 U.S.C. § 157(c)(1).

[2] *See* Fed. R. Bktrcy. Proc. 9033(b). Objections to the Report and Recommendation were due on or before July 19, 2012.

Recommendation (Doc. 6) are adopted as the opinion of the Court;

2. For the reasons stated in the Report and Recommendation, the Trustee's motion for default judgment (Adv. Pro. Doc. 56) against Defendant Bradford L. Daley is granted;

3. Judgment is entered against Defendant Bradford L. Daley in favor of the Trustee for the following:

   A. Damages of $2,930.00 pursuant to K.S.A. § 50-1133(a);

   B. Punitive damages of $29,300.00 pursuant to K.S.A. § 50-1133(b) and the common law;

   C. Penalties of $20,000.00 pursuant to K.S.A. § 50-634(b), and K.S.A. § 50-634(b) and K.S.A. § 50-636(a) and (d);

   D. Attorney fees and expenses of $1,490.27 pursuant to K.S.A. § 50-1133(a) and K.S.A. § 50-634(e);

   E. The costs of this action pursuant to K.S.A. § 50-1133(a);

   F. Declaratory judgment that the Defendant's acts violated the Kansas Credit Services Organization Act and the Kansas Consumer Protection Act pursuant to K.S.A. § 50-634(a)(1), and an injunction against future violations pursuant to K.S.A. § 50-634(a)(2); and

   G. Declaratory judgment that because the Defendant's written agreements with the Joneses (debtors) are in violation of the Kansas Credit Services Organizations Act and the

Kansas Consumer Protection Act, the contracts are therefore void and unenforceable in their entirety.

**IT IS SO ORDERED.**

Dated: July 24, 2012

                                                 S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE