IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROBERT L. BAER, Trustee, | ) | |
| | ) | Case No. 12-4086-JAR |
| Plaintiff, | ) | Adversary Proceeding  No. 11-07028 |
| v. | ) | |
| | ) | |
| BRADFORD LAMAR DALEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM AND ORDER

Plaintiff Robert L. Baer, Chapter 7 Bankruptcy Trustee, filed suit against Defendant

Bradford Lamar Daley, alleging violations of the Kansas Credit Services Organization Act and

the Kansas Consumer Protection Act.  Defendant failed to appear in the adversary action and this

Court ultimately adopted the Report and Recommendation of the United States Bankruptcy

Court granting Plaintiff's motion for default judgment and entering judgment in favor of Plaintiff

(Docs. 7, 8).  Defendant filed a Motion to Set Aside Entry of Default and Default Judgment

(Doc. 9).  The motion has been fully briefed.  For the following reasons, the Court denies

Defendant's motion.

**I.      Factual and Procedural Background**

The Complaint alleges that Defendant, through his business, Court Mediation Services

("CMS"), claimed he is able to address consumers' debts by "novation" of the debts, wherein

Defendant "assumes" the consumers' debt pursuant to an "assignment" of the debt from the

consumers to CMS.  CMS then attempts to create an accord and satisfaction of the debt, which is

presented to the creditor by means of a restrictive endorsement of a check presented in partial

payment of the consumers' debt.  In August 2008, the debtors paid $2,500.00 to Terry Yarham

for the benefit of Defendant, and executed the CMS Purchase Agreement.  The debtors

purchased ten "assignments" of debt to Defendant, which they sent him along with a $430

payment.  In March 2010, the debtors received an email from CMS regarding litigation pending

against the debtors.  All communications from the debtors to Defendant were sent to an address

that turned out to be a storage facility.  After the debtors filed for Chapter 7 bankruptcy

protection, both their counsel and Plaintiff, the Chapter 7 Trustee, sent demand letters to

Defendant, with no response.  Plaintiff filed the adversary proceeding against Defendant on June

27, 2011.  Defendant admits he received personal service of the summons and Complaint on July

5, 2011, and has failed to answer or appear in this proceeding.

  In addition to the Complaint, Defendant received multiple notices of proceedings and

events before the bankruptcy court:

- October 7, 2011, Scheduling Order

- February 3, 2012, Notice of March 5 and 6, 2012 setting on
  stacking docket for trial

- February 3, 2012, Notice of Pretrial Conference set for
  February 9, 2012

- February 12, 2010, Notice of Trial setting of March 6, 2012

- February 24, 2012, Trial Reminder

- March 4, 2012, Pretrial Order stating that Defendants
  Bradford L. Daley and Court Mediation Services do not
  appear, and that Plaintiff will seek entry of judgment
  against one or both of the parties by default

- March 9, 2012, Order of Continuance of hearing to April 26-27, 2012

- April 14, 2012, Notice of April 26-27, 2012 stacked trials

- April 28, 2012, Order of Continuance of Trial

- May 3, 2012, Notice of Hearing to consider and act on adversary complaint

- June 15, 2012, Entry of Default

- July 7, 2012, Notice of Transmission of Report and Recommendation to the District Court on Motion for Default Judgment

After the time to respond expired with no objections from Defendant, this Court adopted the Report and Recommendation on July 24, 2012, and entered judgment against Defendant for actual and punitive damages, statutory penalties and attorney fees and expenses. On August 14, 2012, Defendant moved to set aside the entry of default and default judgment.

## II.    Discussion

Fed. R. Civ. P. 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Because a default judgment has already been entered in this case, it is appropriate to proceed under Rule 60(b).[1]  Under Rule 60(b), a court may relieve a party from a final judgment for several reasons, including "mistake,

---

[1]"[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garber & Assoc., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

inadvertence, surprise, or excusable neglect" or if "the judgment is void."[2]

### A.    Rule 60(b)(4)—Void Judgment

Under Rule 60(b)(4), a judgment is void if the court did not have the power to enter it.[3]

> A default judgment in a civil case is void if there is no personal jurisdiction over the defendant.  And service of process [under Fed. R. Civ. P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of a party served.[4]

Further, "without subject matter jurisdiction an entry of a default judgment would be erroneous."[5]

Defendant argues that the judgment is void because the Court lacks personal jurisdiction, as he is neither a Kansas resident nor maintains property in Kansas.  Defendant also asserts that the bankruptcy court lacked subject matter jurisdiction, but does not offer any grounds in support of this argument.  Neither of Defendant's arguments has merit.

The Due Process Clause allows the exercise of personal jurisdiction over a non-resident defendant "only so long as there exist 'minimum contacts' between the defendant and the forum state."[6]  "The 'minimum contacts' standard may be met "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries

---

[2]Fed. R. Civ. P. 60(b)(1) and (4).

[3]*Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000).

[4]*Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008) (internal quotations and citations omitted).

[5]*Williams v. Swanson*, 57 F. App'x 784, 786 (10th Cir. 2003).

[6]*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998) (citation omitted).

that 'arise out of or relate' to those activities."[7]

In this case, Plaintiff brought suit in bankruptcy court under the "related to" jurisdiction of 28 U.S.C. § 1334(b).[8]  Because this Court has subject matter jurisdiction based on a federal question, relatedness of a proceeding under Title 11, Fed. R. Bankr. P. 7004(d) applies,[9] which authorizes nationwide service of process.  Thus, the relevant "forum state" is the United States as a whole, rather than the individual state in which the action is brought.[10]  As such, Plaintiff must demonstrate sufficient minimum contacts between Defendant and the United States to exercise personal jurisdiction over him.[11]

Because default judgment has already been entered, the well-pleaded factual allegations are taken as true.[12]  There is no dispute that Defendant is a resident of and doing business in Alabama.  Defendant advertises his services over the Internet, and entered into the CMS Purchase Agreement with the debtors in Kansas.  Defendant clearly has minimum contacts with the United States and thus this Court has personal jurisdiction.  Accordingly, the Court denies Defendant's motion to set aside the judgment as void.

---

[7]*Id*. at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[8]28 U.S.C. § 1334(b) confers upon the district court "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11," and, in turn, 28 U.S.C. § 157(a) authorizes district courts to refer to bankruptcy judges "any or all proceedings arising under title 11 or arising in or related to a case under title 11."

[9]*See* Fed. R. Bankr. P. 7001; *Diamond Mtg. Corp. v. Sugar*, 913 F.2d 1233, 1243-44 (7th Cir. 1990); *In re Flores*, 426 B.R. 350, 355 (Bkrtcy. D. Kan. 2010).

[10]*Flores*, 426 B.R. at 355 (citing *Atteberry v. Barclays Bank PLC (In re Atteberry)*, 159 B.R. 1,6 (D. Kan. 1993)).

[11]*Id*.

[12]*Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

### B.      Rule 60(b)(1)—Excusable Neglect

Rule 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."  A motion to set aside judgment on the basis of excusable neglect must be made within a reasonable time and no more than a year after entry of judgment.[13]  However, "a motion is not timely merely because it has been filed within one year of the judgment."[14]  The court should consider "the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."[15]  While there is a preference for resolving disputes on their merits, "a workable system of justice requires that litigants not be free to appear at their pleasure."[16]

The party moving to set aside the default judgment has the burden of pleading and proving excusable neglect and, only if he meets this burden, of showing a meritorious defense.[17]  All doubts in this equitable analysis must be resolved in favor of the moving party.[18]  Factors in determining whether excusable neglect exists include: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the

---

[13]*See* Fed. R. Civ. P. 60(c)(1).  There is no similar time requirement for motions brought to set aside a judgment as void under Rule 60(b)(4).

[14]*White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990).

[15]*Mullin v. High Mountain*, 182 F. App'x 830, 833 (10th Cir. 2006) (citation omitted).

[16]*Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[17]*Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (citing *Cessna Fin. Corp.*, 715 F.2d at 1445).

[18]*Id.* (citing *Pioneer Ins. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[19]

Defendant cites excusable neglect as the basis for relief from default judgment. Specifically, Defendant submits a self-authenticated declaration stating that he forwarded copies of the Complaint and all notices and other documents from the bankruptcy court to his attorney in Alabama, Donald R. Jones, Jr., who "inadvertently" failed to file a timely response, answer or other defense on his behalf.   Excusable neglect is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[20]

> [F]or purposes of Rule 60(b), "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.  Because of the language and structure of Rule 60(b), a party's failure to file on time for reasons beyond his or her control is not considered to constitute "neglect."[21]

The Supreme Court has stated:

> In other contexts, we have held that clients must be held accountable for the acts and omissions of their attorneys. . . . This principle applies with equal force here and requires that respondents be held accountable for the acts and omissions of their chosen counsel.  Consequently, in determining whether respondents' failure . . . was excusable, the proper focus is upon whether the neglect of respondents *and their counsel* was excusable.[22]

---

[19]*Id.*

[20]*Pioneer Ins. Servs.*, 507 U.S. at 388.

[21]*Id.* at 394.

[22]*Id.* at 397 (emphasis in original) (citations omitted); *see also Harvey v. Yellow Freight Sys., Inc.*, 936 F. Supp. 790, 795 (D. Kan. 1996) (explaining that because parties choose an attorney as their representative, they are held accountable for the acts and omissions of their attorneys and that "[a]ny recourse against [the] attorneys for their alleged malpractice must be brought in a timely, separate action against them.").

Moreover, the Tenth Circuit and courts in this district have declined to find attorney carelessness or negligence constitutes "excusable neglect" sufficient to set aside judgment.[23] The Court sees no explanation for counsel Jones's failure to answer or even appear in this action. Defendant received a copy of the Complaint and summons, which states that if he failed to answer within the appropriate time frame, "judgment by default will be taken against you." Defendant does not deny receiving multiple notices, pleadings and orders from the bankruptcy court, including trial settings, the Pretrial Order noting he had not appeared, entry of default, motion for default judgment, and the court's Report and Recommendation entering default judgment.  The Court finds it difficult to comprehend how a defendant with notice of these filings would not act upon them or question counsel about his obvious failure to appear or otherwise plead on Defendant's behalf.

Most importantly, the instant motion was filed by Defendant *pro se* and no affidavit is offered by counsel Jones explaining his reason for not responding to the action.  "Parties desiring relief must particularize, and generally do not acquit themselves of responsibility by showing merely that they placed the case in the hands of an attorney."[24]  The Court finds that Defendant fails to prove excusable neglect here, where the Court lacks a supporting affidavit from counsel explaining the reason for allowing default.[25]

---

[23]*See, e.g., Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 n.5 (10th Cir. 1990); *Cessna Fin. Corp.*, 715 F.2d at 1444; *Mullin v. High Mountain*, No. 05-4039, 2006 WL 1520187, at *1 (10th Cir. June 2, 2006); *Sprint Spectrum, L.P. v. Genesis PCS Corp.*, 236 F.R.D. 530, 534 (D. Kan. 2006); *Schnuelle v. C & C Auto Sales, Inc.*, 196 F.R.D. 395, 397 (D. Kan. 2000).

[24]*Sprint Spectrum*, 236 F.R.D. at 534 (quoting *Pelican Prod. Corp.*, 893 F.2d at 1146).

[25]*See Pelican Prod. Corp.*, 893 F.2d at 1146 ("We believe a most obvious void exists where a party claims that its counsel's activities were not its own, but fails to demonstrate to the court any effort to produce explanation from its former counsel for his conduct."); *accord Sprint Spectrum*, 236 F.R.D. at 534.

Furthermore, to the extent Defendant claims relief under Rule 60(b)(6), for "any other reason justifying relief from the operation of the judgment," the Court also declines to grant relief.  Because Defendant is not faultless in the matter, he may not seek relief under Rule 60(b)(6) simply because he is unable to obtain relief under Rule (b)(1).[26]  Even if subsection (6) was available to Defendant, the Court does not find extraordinary circumstances present in this case.  Not only did Defendant purport to have counsel, but he also had notice of all of the events in the litigation before default judgment was entered.  The Tenth Circuit has stated that it "find[s] nothing unfair about requiring a party to be bound of the actions of its attorney-agent."[27]  Defendant is a businessman and holds himself out as a consumer debt adviser; as such, he is familiar with the consequences of what happens when his clients ignore or fail to respond to lawsuits.  He does not dispute receiving copies of all pleadings and notices in this action.  Because Defendant had ample notice of the possible consequences of his actions, the Court declines to find extraordinary circumstances present.

Because Defendant has not met his burden under any of the applicable provision of Rule 60(b), his motion for relief is denied.  Accordingly, the Court does not consider Defendant's potential meritorious defenses.[28]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Bradford Daley's Motion to Set Aside Entry of Default and Default Judgment (Doc. 9) is DENIED.

**IT IS SO ORDERED.**

---

[26]*Sprint Spectrum*, 236 F.R.D. at 535.

[27]*Pelican Prod. Corp.*, 893 F.2d at 1147 (comparing cases).

[28]*Marcus Food v. DiPanfilo*, 671 F.3d 1159, 1173 (10th Cir. 2011).

Dated: October 22, 2012

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE