IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT L. BAER, Trustee, | |
| Plaintiff, | Case No. 12-4086-JAR |
| v. | Adversary Proceeding No. 11-07028 |
| BRADFORD LAMAR DALEY, et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

Plaintiff Robert L. Baer, Chapter 7 Bankruptcy Trustee, filed suit against Defendant Bradford Lamar Daley, alleging violations of the Kansas Credit Services Organization Act and the Kansas Consumer Protection Act. Defendant failed to appear in the adversary action and this Court ultimately adopted the Report and Recommendation of the United States Bankruptcy Court granting Plaintiff's motion for default judgment and entering judgment in favor of Plaintiff (Docs. 7, 8). The Court subsequently denied Defendant's Motion to Set Aside Entry of Default and Default Judgment (Doc. 9) and Motion to Say All Proceedings (Doc.16).

This matter is before the Court on Defendant's Motion for Reconsideration (Doc. 17) of the Court's order denying his motion to stay all proceedings, as well as Defendant's Motion to Extend (Doc. 19) deadlines in this case, including the time to file a notice of appeal. For the reasons explained in detail below, Defendant's motions are denied.

*Motion for Reconsideration*

The Court denied Defendant's motion to stay proceedings on January 11, 2013. Defendant filed his motion for reconsideration of the Court's order on February 8, 2013, forty-seven days after entry of the order.

Under D. Kan. Rule 7.3(b), a party may seek reconsideration of a non-dispositive order within fourteen days of the order, based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice.[1] A motion to reconsider is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence.[2] A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.[3] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[4] Whether to grant a motion to reconsider is left to the Court's discretion.

Defendant's motion is untimely, and therefore may be denied on this basis. Even if it were timely, however, it is without merit, as Defendant presents no valid legal argument to warrant relief from the Court's order. Instead, he repeats arguments and allegations regarding whether a stay of these proceedings is necessary to protect his rights in a potential criminal matter. Defendant's broad assertions are merely a rehash of his previous arguments and are insufficient to warrant reconsideration of the Court's order under Rule 7.3(b).

***Motion to Extend Deadlines***

---

[1] D. Kan. R. 7.3(b).

[2] *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, *1-2 (D. Kan. Jan. 10, 2013) (citing *Comeau v. Rupp*, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992)).

[3] *Id*. (citing *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994)).

[4] *Id*. (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005)).

Defendant moves to extend the time for allowing motions for reconsideration of denial of his motion to stay and his motion to vacate default judgment, as well as to file a notice of appeal. The Court first addresses the motions for reconsideration. Defendant's motion with respect to reconsideration of the order denying stay was addressed above, and the request for additional time to file the motion for reconsideration of that order is denied as moot.

Because the order denying the motion to vacate default judgment is a dispositive order, it is governed by D. Kan. Rule 7.3(a), which states, "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60," and "[t]he court will not grant reconsideration of such an order or judgment under [Local Rule 7.3]."[5] A Rule 59(e) motion to alter or amend judgment must be filed within 28 days of entry of judgment.[6] A Rule 60(b) motion for relief must be filed with a "reasonable time," and with respect to the first three reasons for relief, no more than a year after the entry of judgment or order.[7] The Court denied Defendant's motion to set aside default judgment on October 22, 2012. Thus, the time to file a motion brought under Rule 60(b) has not run, and Defendant's motion for extension of time with respect to reconsideration of the order denying motion to vacate is also denied as moot. Should Defendant file such a motion, he must set forth the grounds for relief as set forth in the Rule.[8]

---

[5]D. Kan. R. 7.3(a).

[6]Fed. R. Civ. P. 59(e).

[7]Fed. R. Civ. P. 60(c)(1).

[8]*See* Fed. R. Civp. P 60(b) (setting forth grounds for relief, including mistake, inadvertence, surprise, or excusable neglect and newly discovered evidence). The Court notes, however, that any such motion would not extend Defendant's time to file a notice of appeal of that order, as it was not filed within 28 days of the entry of the order. Fed. R.. App. P.

The Court next addresses Defendant's request for extension of time to file a notice of appeal, which is governed by the Federal Rules of Appellate Procedure. A party seeking to appeal a civil judgment must (with exceptions not applicable here) file a notice of appeal with the district court clerk, "within 30 days after the judgment or order appealed from is entered."[9] If a party timely files certain post-trial motions, including motions under Rule 59(e) and Rule 60, the time to file an appeal runs from the entry of the order disposing of that motion.[10] The time limits set forth in Rule 4 are "mandatory and jurisdictional."[11] If no notice of appeal is filed before the deadline provided by Rule 4(a)(1), the appellate court lacks jurisdiction to hear the appeal.

"The power of the federal courts" to extend the deadlines in Rule 4 is "severely circumscribed."[12] Rule 4(a)(5) allows the district court to "extend the time to file a notice of appeal" if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expire," and makes a showing of "excusable neglect or good cause."

Defendant's motion seeking an extension of time to file an appeal was filed on March 18, 2013; it does not set forth the order he wishes to appeal from, nor the grounds justifying any such extension. There are two final orders in this matter: the order denying Defendant's motion to set aside default judgment, and the collateral order denying his motion to stay proceedings.

---

4(a)(4)(A)(vi).

[9]Fed. R. App. P. 4(a)(1)(A).

[10]Fed. R. App. P 4(a)(4)(A)(i)-(vi).

[11]*Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978); *Biship v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004).

[12]*See Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 56 (2d Cir. 1997).

The Court entered Default Judgment against Defendant on July 24, 2012; he filed a timely motion to set aside judgment under Fed. R. Civ. P. 55(c), which was denied on October 22, 2012. Defendant did not file a motion under either Fed. R. Civ. P. 59(e) or 60 seeking relief from that order. Defendant's motion seeking an extension of time to file an appeal was not submitted within the unambiguous time parameters set out in Rule 4(a)(5): the 30-day grace period following the 30-day appeal period, or 60 days from entry of judgment.[13] The 30-day grace period for filing a motion to extend time to file a notice of appeal from this order expired on or about December 21, 2012.

Likewise, the Court denied Defendant's motion to stay proceedings on January 11, 2013, and Defendant did not file a timely motion to reconsider that order, or a motion under either Rule 59(e) or Rule 60. The 30-day grace period for filing a motion to extend time to file a notice of appeal from this order expired on or about March 13, 2013.

Thus, even if pro se Defendant's lack of awareness of the appeal time amounts to "excusable neglect," which it does not,[14] this Court simply has no authority to grant an extension of time to appeal either order in this case because the 30-day grace period elapsed without the filing of a motion for extension.[15] Defendant's motion for extension of time to file notice of

---

[13]*See Oda v. Transcon Lines Corp.*, 650 F.2d 231, 233 (10th Cir. 1981) (holding failure to make motion before end of 30-day grace period extinguishes plaintiff's right to appeal beyond revival by either Circuit or district court).

[14]The Supreme Court has specifically observed that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *United States v. Torres*, 372 F.3d 1259, 1163 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993)).

[15]FRAP Rule 4(a)(5)(A)(I); *see Bishop*, 371 F.3d at 206 (district court may extend time if party moves for extension no later than 30 days after the appeal time has expired); *Levels v. Corr. Corp. of Amer.*, No. 06-3085-SAC, 2006 WL 3844792, at *1 (D. Kan. Dec. 22, 2006)

appeal is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reconsideration (Doc. 17) of the Court's Denial of Defendant's Motion to Stay all Proceedings is DENIED;

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Deadlines (Doc. 19) is DENIED.

**IT IS SO ORDERED.**

Dated: June 17, 2013

                                   S/ Julie A. Robinson

                                    JULIE A. ROBINSON

                                    UNITED STATES DISTRICT JUDGE

---

(same).