# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT L. BAER, Trustee,** ) | |
| ) | **Case No. 12-4086-JAR** |
| **Plaintiff,** ) | **Adversary Proceeding No. 11-07028** |
| v. ) | |
| ) | |
| **BRADFORD LAMAR DALEY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Robert L. Baer, Chapter 7 Bankruptcy Trustee, filed suit against Defendant Bradford Lamar Daley, alleging violations of the Kansas Credit Services Organization Act and the Kansas Consumer Protection Act. Defendant failed to appear in the adversary action and this Court ultimately adopted the Report and Recommendation of the United States Bankruptcy Court granting Plaintiff's motion for default judgment and entering judgment in favor of Plaintiff (Docs. 7, 8). The Court subsequently denied Defendant's Motion to Set Aside Entry of Default and Default Judgment (Doc. 13), Motion to Stay All Proceedings (Doc.16), and Motion for Reconsideration of the Court's order denying his motion to stay all proceedings and Motion to Extend deadlines in this case, including the time to file a notice of appeal (Doc. 20). This matter is now before the Court on Defendant's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) (Doc. 21), requesting once again that this Court grant relief from default judgment entered on July 24, 2012.

Rule 60(b) provides that the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[1]

Defendant presents no valid legal argument to warrant relief from the Court's order. Instead, he repeats his arguments raised in the previous motions that counsel failed to timely file a response to the original complaint. Moreover, Defendant's motion is untimely to the extent he seeks relief under Rule 60(b)(1), (2) or (3),[2] the judgment is not void under subsection (4), and Defendant fails to set forth any evidence of extraordinary circumstances or injustice justifying relief under Rule 60(b)(6).[3] Accordingly, Defendant's motion for relief is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Relief from Judgment (Doc. 21) is DENIED.

Dated: September 16, 2013

            S/ Julie A. Robinson

            JULIE A. ROBINSON

            UNITED STATES DISTRICT JUDGE

---

[1] Fed. R. Civ. P. 60(b).

[2] *See id*, 60(c) (requiring motion seeking relief under subsections (1), (2), and (3) to be brought no more than a year after the entry of the judgment).

[3] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996).